| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE | |
| Case number *(if known)* _____ Chapter __11__ | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Stimwave Technologies Incorporated** | |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-4457426** | |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **1310 Park Central Blvd S.** <br> **Pompano Beach, FL 33064** <br> Number, Street, City, State & ZIP Code <br><br> **Broward** <br> County | **Mailing address, if different from principal place of business** <br><br> <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | stimwavefreedom.com | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor  **Stimwave Technologies Incorporated**　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3391__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 04/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D) and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

Debtor **Stimwave Technologies Incorporated**  Case number (*if known*) _____
    Name

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **Stimwave LLC** | Relationship | **Subsidiary** |
| District | _____ When _____ | Case number, if known | _____ |

**11. Why is the case filed in *this district*?**  *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
     Contact name _____
     Phone _____

---

### Statistical and administrative information (on a consolidated basis)

**13. Debtor's estimation of available funds**  *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Stimwave Technologies Incorporated**
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **06/15/2022**
MM / DD / YYYY

X **/s/ Aure Bruneau**
Signature of authorized representative of debtor

**Aure Bruneau**
Printed name

Title  **Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Andrew Magaziner**
Signature of attorney for debtor

Date **06/15/2022**
MM / DD / YYYY

**Andrew Magaziner**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square
1000 N. King Street
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 576-3592**    Email address **AMagaziner@ycst.com**

**5426 DE**
Bar number and State

## SECRETARY'S CERTIFICATE

The undersigned, being the secretary of Stimwave Technologies Incorporated, a Delaware corporation (the "Company"), hereby certifies as follows:

1. I am the duly qualified and elected secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true and complete copy of the resolutions of the Subcommittee of the Executive Committee of the Board of Directors (the "Executive Subcommittee") of the Company, duly adopted at a properly convened meeting of the Executive Subcommittee on June 10, 2022.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Executive Subcommittee of the Company relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 11th day of June, 2022.

*DocuSigned by:*

*Virginia V. Sullivan*
―――――――――――――――――
Name: Virginia V. Sullivan

## EXHIBIT A

### RESOLUTIONS
### OF THE
### SUBCOMMITTEE OF THE EXECUTIVE COMMITTEE
### OF THE
### BOARD OF DIRECTORS
### OF
### STIMWAVE TECHNOLOGIES INCORPORATED

### JUNE 10, 2022

**WHEREAS**, on November 22, 2019 at a Special Meeting of the Board of Directors (the "Board") of Stimwave Technologies Incorporated (the "Company"), the Board adopted resolutions (the "November Resolutions") that (i) established a special committee of the Board (the "Special Committee") for the purposes of overseeing a further Investigation (as defined in the November Resolutions) of the Allegations (as defined in the November Resolutions) and any related matters that may come to light; and (ii) appointed Paul LaViolette, Jeffrey Goldberg and Marc Loev as members of the Special Committee;

**WHEREAS**, on December 19, 2019 at a meeting of the Board, the Board adopted resolutions that: (i) established the Executive Committee and reconstituted the Special Committee as the Executive Committee; (ii) delegated to the Executive Committee the full power and authority of the Board, to the fullest extent permitted by law; and (iii) appointed Paul LaViolette, Jeffrey Goldberg and Marc Loev as members of the Executive Committee;

**WHEREAS**, on February 18, 2021, the Executive Committee adopted resolutions appointing Regina Groves to the Executive Committee to fill a vacancy on the Executive Committee;

**WHEREAS**, on June 10, 2021 at a Special Meeting of the Executive Committee of the Board, the Executive Committee adopted resolutions (the "June 10th Resolutions") that (i) established a subcommittee of the Executive Committee (the "Executive Subcommittee") for the purpose of evaluating and approving certain Transactions (as defined in the June 10th Resolutions); and (ii) appointed Paul LaViolette, Regina Groves and Marc Loev as members of the Executive Subcommittee;

**WHEREAS**, on June 13, 2021 at a Special Meeting of the Executive Committee of the Board, the Executive Committee adopted resolutions (the "June 13th Resolutions") that expanded the scope of power and authority delegated to the Executive Subcommittee to permit the Executive Subcommittee to exercise the full power and authority of the Executive Committee as of the Delegation Effective Date (as defined in the June 13th Resolutions), to take any and all actions as the Executive Subcommittee deems necessary, appropriate, or advisable to direct and oversee the direction of the business and affairs of the Company;

**WHEREAS**, on June 30, 2021 at a Special Meeting of the Executive Committee of the Board, the Executive Committee adopted resolutions that delegated and empowered the Executive Subcommittee to immediately exercise all power and authority of the Executive Committee effective as of June 30, 2021;

**WHEREAS**, the Company is the sole member of Stimwave LLC, a Nevada limited liability company (the "Subsidiary");

**WHEREAS**, the Executive Subcommittee has reviewed and considered the financial and operational condition of the Company and the Subsidiary (and together with the Company, each an "Entity" and collectively, the "Entities"), and the Entities' business on the date hereof, including the historical performance of the Entities, the assets of the Entities, the present and future liabilities of the Entities, the market for the Entities' products, services, and assets, and the credit market conditions;

**WHEREAS**, the Executive Subcommittee has received, reviewed, and considered the recommendations of the Entities' legal, financial, and restructuring advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Executive Subcommittee has determined that it is in the best interests of the Entities and the Entities' stakeholders, members, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code; and

**WHEREAS**, the Company, as sole member of the Subsidiary, wishes to approve, authorize, and ratify the taking of actions, and execution of documents by the Company in its capacity as sole member of the Subsidiary, in connection with the foregoing.

**NOW, THEREFORE, BE IT**:

**I.**    **Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Executive Subcommittee, it is desirable and in the best interests of the Company and its stakeholders, including the creditors of the Company, and other interested parties of the Company that a voluntary petition (a "Petition") be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the Company, thereby commencing a case (the "Bankruptcy Case") under the provisions of the Bankruptcy Code; and it is further

**RESOLVED**, that the officers of the Company (each, an "Authorized Person" and collectively, the "Authorized Persons") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Company's Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Person may determine; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered on behalf of the Company, to execute, acknowledge, deliver, verify, and file any and all pleadings, petitions, schedules, statements of affairs, lists, and other papers and to take any and all related actions that such Authorized Person may deem necessary or proper in connection with the filing of the Petition and commencement and prosecution of the Bankruptcy Case; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such

2

44160310.6

certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as such Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Company; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, including, but not limited to, opening and closing of bank accounts, as in the judgment of such Authorized Person, shall be necessary, proper, and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## II. Retention of Professionals

**RESOLVED**, that each of the law firms of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed, and empowered to represent the Company as general restructuring and bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of each of Gibson Dunn and Young Conaway; and it is further

**RESOLVED**, that the law firm of Honigman LLP ("Honigman") be, and hereby is, authorized, directed, and empowered to represent the Company as special counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Honigman; and it is further

**RESOLVED**, that the law firm of Jones Day be, and hereby is, authorized, directed, and empowered to represent the Company as special counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting

3

alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Jones Day; and it is further

**RESOLVED**, that Riveron RTS, LLC ("Riveron") be, and hereby is, authorized, directed, and empowered to serve as a financial advisor to represent and assist the Company in connection with the sale of the Company's assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Riveron; and it is further

**RESOLVED**, that GLC Advisors & Co., LLC and GLCA Securities, LLC (together, "GLC") be, and hereby is, authorized, directed, and empowered to serve as investment banker to assist the Company in connection with the sale of the Company's assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of GLC; and it is further

**RESOLVED**, that Kroll Restructuring Administration LLC ("Kroll") be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, and balloting agent, and administrative advisor to assist the Company in connection with the sale of the Company's assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of such firms; and it is further

### III.     Postpetition Financing

**RESOLVED**, that it is appropriate and in the best interests of the Company to enter into, execute, deliver, and perform the transactions under that certain Superpriority Senior Secured Debtor in Possession Loan and Security Agreement (as amended, restated, supplemented or otherwise modified from time to time in accordance with the terms thereof, the "DIP Loan Agreement"), by and among the Company and the Subsidiary (together with the Company, each, a "Debtor" and collectively, the "Debtors"), as borrowers, one or more affiliates of Kennedy Lewis Investment Management LLC ("KLIM") (or entities approved by KLIM) (the "DIP Lenders"), as lenders, and KL Agent LLC, as collateral agent, which provides for a new money multi-draw term loan facility in an aggregate principal amount of up to $40,000,000, including an initial draw amount to be approved by the Bankruptcy Court, which is to be made available to the Debtors by the DIP Lenders for, among other purposes, working capital needs and other general corporate purposes, on terms and conditions substantially in the form presented to the Executive Subcommittee on or in advance of the date hereof, and any and all other agreements, instruments, and documents deemed necessary or desirable to evidence and secure the obligations under the DIP Loan Agreement and the other DIP Loan Documents (as defined below), including, without limitation, any loan or credit agreements, promissory notes, deeds of trust, mortgages, deeds to secure debt, security agreements, pledge agreements, assignments of leases and rents, assignments, guaranties, subordination agreements, intercreditor agreements, agreements with third parties (including, without limitation, lockbox agreements, cash management agreements and deposit account control agreements) relating to the collateral, indemnity agreements, certificates, affidavits, financing statements, applications, notices and other agreements of any kind or nature whatsoever (together with the DIP Loan Agreement, the "DIP Loan Documents"), with such changes, additions, and modifications thereto as any such Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof; and it is further

**RESOLVED**, that the form, terms, and provisions of, the execution and delivery of, and the performance of the transactions and obligations contemplated by the DIP Loan Documents to which the Company is a party, be, and they hereby are, authorized, approved, and adopted in all respects and the Company is hereby authorized to (i) execute and deliver the DIP Loan Documents to which the Company is a party, (ii) perform its obligations thereunder, including to mortgage, charge, assign, pledge, and otherwise transfer and encumber and grant security interests in its present and future real and leasehold property, equipment, inventory, intangibles, undertakings, and other property and assets as security for its present and future obligations under or in connection with the DIP Loan Documents to which the Company is a party, and (iii) take all actions contemplated thereby; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed the DIP Loan Documents and any other instrument or agreement securing, evidencing, or relating to the Obligations (as defined in the DIP Loan Agreement) to which the Company is a party, and all other necessary documents (including without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers) with such changes therein and additions thereto as such Authorized Person, in its sole discretion, may deem necessary, convenient, appropriate,

44160310.6

advisable or desirable, the execution and delivery of such document with any changes thereto by such Authorized Person to be conclusive evidence that such Authorized Person deemed such changes or additions to meet such standard, and in connection with the Petition; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of, and any waivers or consents to, the DIP Loan Agreement and any other DIP Loan Document and/or any related documents or instruments which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and it is further

**RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against the Company's assets as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company, the Bankruptcy Case and any of the Company's affiliates who may also, concurrently with the Company's petition, file for relief under the Bankruptcy Code; and it is further

## IV.    Sale Transaction

**RESOLVED**, that it is appropriate and in the best interests of the Company to enter into, execute, deliver and perform the transactions, and any and all other agreements, instruments, and documents deemed necessary or desirable to evidence and secure the obligations under that certain stalking horse asset purchase agreement by and among Kennedy Lewis Capital Partners Master Fund LP (or an affiliate thereof approved by KLIM) and Debtors (the "Stalking Horse APA"), with such changes, additions, and modifications thereto as any such Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof; and it is further

**RESOLVED,** that the form, terms, and provisions of, the execution and delivery of, and the performance of the transactions and obligations contemplated by the Stalking Horse APA, be, and they hereby are, authorized, approved, and adopted in all respects and the Company is hereby authorized to (i) execute and deliver the Stalking Horse APA, (ii) perform its obligations thereunder, and (iii) take all actions contemplated thereby; and it is further

**RESOLVED,** that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed the Stalking Horse APA and all other necessary documents (including without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers) with such changes therein and additions thereto as such Authorized Person, in its sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of such document with any changes thereto by such Authorized Person to be conclusive evidence that such Authorized

6

Person deemed such changes or additions to meet such standard, and in connection with the Petition; and it is further

**RESOLVED**, that the Company is hereby authorized, directed, and empowered to continue the marketing for sale of the Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and it is further

**V.**     **General Resolutions**

**RESOLVED**, that the Subsidiary's execution of any and all documents in connection with the foregoing be, and hereby is, consented to, approved, and ratified; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, as the member of the Subsidiary, to take all actions, and execute such further documents, as may be necessary or desirable, on behalf of the Subsidiary set forth in the foregoing resolutions, including, without limitation, a written consent by the Company, approving the foregoing, and any actions, including the execution of documents, taken prior to the date hereof by such persons in accordance with the foregoing are hereby consented to, approved, and ratified; and it is further

**RESOLVED**, that the execution and delivery by the Company of such documents as may be required or as the Company may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as any such Authorized Person shall approve are hereby authorized, the taking or execution thereof by such Authorized Person being conclusive evidence of the approval thereof by such Authorized Person; and it is further

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken.

**Fill in this information to identify the case:**

Debtor name: _Stimwave Technologies Incorporated, et al._

United States Bankruptcy Court for the District of: Delaware

Case number (If known): _____

☐ Check if this is an amended filing

Modified Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Oscor, Inc.<br>ATTN: Toi Browning<br>3816 DeSoto Blvd.<br>Palm Harbor, FL 34683 | Oscor, Inc.<br>ATTN: Toi Browning<br>PHONE: 727.937.2511<br>EMAIL: TBrowning@oscor.com | Inventory | | | | $616,690.00 |
| 2 | Fish & Richardson PC<br>ATTN: John C. Adkisson<br>3200 RBC Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402 | Fish & Richardson PC<br>ATTN: John C. Adkisson<br>PHONE: 612-337-2533<br>FAX: 612-288-9696<br>EMAIL: miller@fr.com | Legal | D | | | $313,174.40 |
| 3 | Jones Day<br>ATTN: Rebecca Martin<br>250 Vesey Street<br>New York, NY 10281 | Jones Day<br>ATTN: Rebecca Martin<br>PHONE: 212-326-3410<br>EMAIL: rcmartin@jonesday.com | Legal | | | | $177,041.25 |
| 4 | EM Medical, LLC<br>ATTN: Michael Reid<br>6591 Devonhurst Dr<br>St. Louis, MO 63129 | EM Medical, LLC<br>ATTN: Michael Reid<br>PHONE: 314-899-9789<br>EMAIL: Press@ArchCityLawyers.com | Legal | | | | $155,000.00 |
| 5 | Compeq Manufacturing(Suzhou) Co., LTD<br>ATTN: Bankruptcy Department<br>20th Block, Suchun Industrial Square<br>No 428 Xiglong Street<br>Suzhou Industrial Park<br>China | Compeq Manufacturing(Suzhou) Co., LTD<br>ATTN: Bankruptcy Department<br>PHONE: 86 512-62836001<br>EMAIL: inquiry@compeq.com.tw | Inventory | | | | $135,168.58 |
| 6 | Resonetics, LLC<br>ATTN: Tamye Caron<br>26 Whipple Street<br>Nashua, NH 03060 | Resonetics, LLC<br>ATTN: Tamye Caron<br>PHONE: 603-886-6772<br>EMAIL: ayohai@resonetics.com | Inventory | | | | $75,585.00 |
| 7 | Pria Healthcare Management, LLC<br>ATTN: Stephanie Dumont<br>32 City Hall Avenue<br>Torrington, CT 06790 | Pria Healthcare Management, LLC<br>ATTN: Stephanie Dumont<br>PHONE: 860.782.2090<br>EMAIL: sdumont@priahealthcare.com | Sales | | | | $73,627.86 |
| 8 | Richards Layton & Finger<br>ATTN: Bankruptcy Department<br>920 North King Street<br>Wilmington, DE 19801 | Richards Layton & Finger<br>ATTN: Bankruptcy Department<br>PHONE: 302-651-7813<br>EMAIL: Stevenson@RLF.com | Legal | | | | $57,428.20 |

Debtor    Stimwave Technologies Incorporated, *et al.*                          Case number (*if known*) _____

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Vistaprint Corporate Solutions Incorporated ATTN: Ryan Daley 170 Data Drive Waltham, MA 02451 | Vistaprint Corporate Solutions Incorporated ATTN: Ryan Daley PHONE: 401-214-2811 EMAIL: ryan.daley@vistaprint.com | Ops | | | | $33,376.33 |
| 10 | Cyber Coders ATTN: Bankruptcy Department 6591 Irvine Center Drive Suite 200 Irvine, CA 92618 | Cyber Coders ATTN: Bankruptcy Department PHONE: 800-536-1610 EMAIL: billing@onassignment.com | HR | | | | $31,250.00 |
| 11 | FedEx ATTN: Raj Subramaniam 942 South Shady Grove Road Memphis, TN 38120 | FedEx ATTN: Raj Subramaniam PHONE: 901-818-7500 FAX: 877-229-4766 EMAIL: rsubramaniam@fedex.com | Ops | | | | $31,059.42 |
| 12 | Duke Realty LP ATTN: Susan Ajemian 2400 North Commerce Parkway Suite 405 Weston, FL 33326 | Duke Realty LP ATTN: Susan Ajemian PHONE: 954-903-1810 EMAIL: susan.Ajemian@dukerealty.com | Ops | | | | $29,592.78 |
| 13 | Viviana SRL ATTN: Bankruptcy Department Viale Bianca Maria n. 18 C.F. / P.IVA 11376300965 Milano 20129 Italy | Viviana SRL ATTN: Bankruptcy Department EMAIL: admin@vivianastraps.com | Inventory | | | | $26,491.85 |
| 14 | Xact Data Discovery ATTN: David Moran 5800 Foxridge Dr., Suite 406 Mission, KS 66202 | Xact Data Discovery ATTN: David Moran PHONE: 913-362-8662 FAX: 913-362-8619 EMAIL: xar@xactdatadiscovery.com | IT & Security | | | | $25,020.94 |
| 15 | Meridian Cable ATTN: Cyndi Zurek 255 Business Park Circle Suite 501 St. Augustine, FL 32095 | Meridian Cable ATTN: Cyndi Zurek PHONE: 847-348-8394 EMAIL: Cyndi@meridiancable.com | Inventory | | | | $22,632.60 |
| 16 | BioTras LLC ATTN: Bankruptcy Department 1905 University Business Drive Suite 604 McKinney, TX 75071 | BioTras LLC ATTN: Bankruptcy Department PHONE: 214-325-4685 EMAIL: krissy@biotras.com | Inventory | | | | $13,650.00 |
| 17 | Docusign ATTN: Bankruptcy Department 221 Main Street, Suite 1000 San Francisco, CA 94105 | Docusign ATTN: Bankruptcy Department EMAIL: billing@docusign.com | IT | | | | $13,156.00 |
| 18 | EZ Executive Search ATTN: Erik Zikos 8905 Man of War Drive Waxhaw, NC 28173 | EZ Executive Search ATTN: Erik Zikos PHONE: 704-443-1287 EMAIL: ErikZikos@msn.com | HR | | | | $10,000.00 |
| 19 | SIG 9 GLOBAL ATTN: Bankruptcy Department 1717 North Andrews Avenue Fort Lauderdale, FL 33311 | SIG 9 GLOBAL ATTN: Bankruptcy Department PHONE: 954-774-1117 EMAIL: contact@sig9global.com | Security | | | | $9,370.53 |
| 20 | DEKRA Certification Inc. ATTN: Michelle Hood 1120 Welsh Road Ste 210 Arnhem, PA 19454 | DEKRA Certification Inc. ATTN: Michelle Hood PHONE: 925-283-7535 ext. 72000 EMAIL: michelle.hood@dekra.com | Regulatory | | | | $7,500.00 |

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**    page 2

Debtor  Stimwave Technologies Incorporated, *et al.*
Name

Case number *(if known)*

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Monya Mollohan Design, LLC<br>ATTN: Bankruptcy Department<br>2623 West Gray Wolf Trail<br>Phoenix, AZ 85085 | Monya Mollohan Design, LLC<br>ATTN: Bankruptcy Department<br>PHONE: 602-821-3702<br>EMAIL: monyamollohan@gmail.com | Marketing | | | | $7,155.00 |
| 22 | Anatomical Resources, LLC<br>ATTN: Beth Davis<br>P.O. Box 252<br>Walled Lake, MI 48390 | Anatomical Resources, LLC<br>ATTN: Beth Davis<br>PHONE: 248-388-0085<br>EMAIL: beth.davis@scasurgery.com | Inventory | | | | $5,709.80 |
| 23 | Advance Medical Designs<br>ATTN: Bankruptcy Department<br>1120 Atlanta Industrial Drive<br>Marietta, GA 30066 | Advance Medical Designs<br>ATTN: Bankruptcy Department<br>PHONE: 770-218-3490<br>EMAIL: reevesc@advmeddes.com | Inventory | | | | $5,110.00 |
| 24 | Flextech, Inc<br>ATTN: Bankruptcy Department<br>7300 West 27th Street<br>St. Louis Park, MN 55426 | Flextech, Inc<br>ATTN: Bankruptcy Department<br>PHONE: 952-345-0012<br>EMAIL: chris@Flextechfoam.com | Inventory | | | | $4,971.81 |
| 25 | Steris<br>ATTN: Tom Olson<br>9303 West Broadway Avenue<br>Brooklyn Park, MN 55445 | Steris<br>ATTN: Tom Olson<br>PHONE: 763-786-2929 ext. 49112<br>EMAIL: tom_olson@steris.com | Inventory | | | | $3,648.53 |
| 26 | GBS Labeling<br>ATTN: Bankruptcy Department<br>7233 Freedom Avenue NW<br>North Canton, OH 44720 | GBS Labeling<br>ATTN: Bankruptcy Department<br>PHONE: 330-929-8050<br>EMAIL: milissap@gbscorp.com | Inventory | | | | $3,203.58 |
| 27 | Fedex Freight<br>ATTN: Bankruptcy Department<br>P.O. BOX 223125<br>Pittsburgh, PA 15251 | Fedex Freight<br>ATTN: Bankruptcy Department<br>PHONE: 870-741-9000<br>EMAIL: cash.post@fedex.com | Ops | | | | $2,844.35 |
| 28 | Medrio Inc<br>ATTN: Bankruptcy Department<br>345 California Street, Suite 325<br>San Francisco, CA 94104 | Medrio Inc<br>ATTN: Bankruptcy Department<br>PHONE: 415-963-3700<br>EMAIL: invoicing@medrio.com | Clinical | | | | $2,700.00 |
| 29 | ActZero<br>ATTN: Bankruptcy Department<br>5045 South Service Rd, Suite 300<br>Burlington, ON L7L 5Y7<br>Canada | ActZero<br>ATTN: Bankruptcy Department<br>PHONE: 905-681-6900 ext. 84246<br>EMAIL: accounting-igo@actzero.ai | IT | | | | $2,479.00 |
| 30 | U.S. Department of Justice<br>ATTN: Bankruptcy Department<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 | U.S. Department of Justice<br>ATTN: Bankruptcy Department<br>PHONE: 202-514-2000<br>EMAIL: Civil.Feedback@usdoj.gov | Legal | U | | | Unknown |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| STIMWAVE TECHNOLOGIES INCORPORATED, *et al.*,[1] | Case No. 22-_____ (____) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state as follows:

1. Debtor Stimwave LLC is 100% owned by Debtor Stimwave Technologies Incorporated ("STI").

2. Debtor STI is privately-held by approximately ninety-eight entities and individuals. SV Life Sciences Fund VI, L.P. owns approximately 10% of STI's equity interests. SV Life Sciences Fund VI, L.P.'s mailing address is c/o SV Health Investors One Boston Place 201 Washington Street, Suite 3900 Boston, Massachusetts 02108.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are Stimwave Technologies Incorporated (7426) and Stimwave LLC (5018). The Debtors' headquarters are located at 1310 Park Central Blvd. S, Pompano Beach, Florida 33064.

29379173.2

**Fill in this information to identify the case:**

Debtor name: **Stimwave Technologies Incorporated**

United States Bankruptcy Court for the: **District of Delaware**

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **06/15/2022**        X  **/s/ Aure Bruneau**
                                       Signature of individual signing on behalf of debtor

                                       **Aure Bruneau**
                                       Printed name

                                       **Chief Executive Officer**
                                       Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**