# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| STIMWAVE TECHNOLOGIES, INCORPORATED, et al.[1] | Case No. 22-10541 (TMH) (Jointly Administered) |
| Debtors. | **Re: D.I. 1124** |

## MEMORANDUM OPINION

On February 6, 2024, this Court entered its Order Imposing Non-Monetary Sanctions Against Laura Perryman, Gary Perryman, Brandyn Perryman, and Related or Affiliated Entities; and Granting Related Relief (the "Sanctions Order") [D.I. 1124].[2] On February 14, 2024, Laura Perryman, Gary Perryman, and Brandyn Perryman filed their Notice of Appeal of the Sanctions Order [D.I. 1130]. This is the Court's Memorandum Opinion in support of the Sanctions Order under Rule 8003-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

The Court should proceed with circumspection when asked to impose sanctions. This is particularly so when the party to be sanctioned acts pro se. However, the Liquidating Trustee's request that this Court impose non-monetary sanctions against Laura Perryman, Gary Perryman, and Brandyn Perryman (the "Perrymans") is well-founded. Throughout these cases, the Perrymans, acting pro se, repeatedly have filed pleadings lacking any plausible factual or legal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include Stimwave Technologies Incorporated. (7426) and Stimwave LLC. (5018). The Debtors' headquarters are located at 1310 Park Central Blvd. S, Pompano Beach, Florida 33062.

[2] By the Sanctions Order, the Court granted the Liquidating Trustee's Motion for an Order Imposing Non-Monetary Sanctions Against Laura Perryman, Gary Perryman, Brandyn Perryman, and Related or Affiliated Entities; and Granting Related Relief (the "Sanctions Motion") [D.I. 1078].

basis, seek to litigate matters that are already subject to prior pleadings, and have impeded the progress of these cases. Indeed, over the past year, the docket activity in these cases primarily has been driven by the Perrymans' numerous filings and the responses thereto. In recent months, the Perrymans have been the subject of two sanctions motions and this Court's order to show cause why the Perrymans should not be sanctioned.

To facilitate the orderly liquidation of the Debtors' estates and the administration of these cases, this Court entered the Sanctions Order. It provides, in part, that any proposed filings by the Perrymans and their related entities are subject to screening by this Court before such filings are permitted to occur. A screening process is suboptimal, in no small part because it imposes additional burdens on the Court. However, in this case, it is necessary.

Importantly, the Sanctions Order does not prevent the Perrymans from seeking relief from this Court. Instead, it provides an orderly process whereby they may pursue plausible claims. After having considered the submissions of the parties and conducting a hearing where the Court heard from the Liquidating Trustee and the Perrymans, this Court finds that the Sanctions Order is appropriately tailored to help bring order to these cases.

**I.     Background**

On June 15, 2022 (the "Petition Date"), Stimwave Technologies Incorporated and its affiliated debtors (the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").[3]

The Debtors were a medical device manufacturer and provider of permanently implanted neurostimulation products that offered a treatment alternative to opioids for chronic pain patients.

---

[3] Judge Karen B. Owens presided over these cases from the Petition Date until it was reassigned to me on March 27, 2023.

Laura Perryman was the Debtors' Chief Executive Officer from its founding in or around 2010 until she was terminated in November 2019.[4] Her husband, Gary Perryman, was a member of the Board of Directors of Stimwave Parent, which was the corporate parent of Debtor Stimwave LLC. Brandyn Perryman is the son of Laura and Gary Perryman.

During the bankruptcy case, Curonix LLC ("Curonix") purchased the Debtors' business operations. Order (I) Approving the Sale of Debtors Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and (III) Granting Related Relief [D.I. 383 and 384]. On March 21, 2023, this Court entered an order approving the Debtors plan of liquidation, pursuant to which, the Debtors' remaining assets were transferred to a liquidating trust. Order Confirming the Second Amended Joint Plan of Liquidation [D.I. 791]. On May 31, 2023, the Plan became effective. Notice of Effective Date [D.I. 922].

Particularly since the confirmation of the Plan, the Perrymans have litigated with frequency, usually asserting unsupported claims. On January 6, 2024, Curonix filed a motion for sanctions and contempt against the Perrymans seeking to enforce the Court's previous order[5] to redirect the Debtors' website, under the control of Gary Perryman, to the proper URL. Curonix Mot. for Contempt and Sanctions [D.I. 1063] ¶¶ 4–5. Curonix and the Perrymans agreed to continue the matter when, at some point before the hearing, the URL began to redirect to the proper website. Tr. of Jan. 9, 2024 Hr'g, 4:18–22, 9:10-12, 12:2–6 [D.I. 1074]. In addition, and as explained below, the Perrymans violated a court order by refusing to attend mediation they

---

[4] Laura Perryman currently faces criminal charges from the Department of Justice and civil charges from the Securities and Exchange Commission for alleged actions taken while serving as the CEO of the Debtors. See generally United States v. Perryman, Case No. 1:23-cr-00117-DLC (S.D.N.Y); SEC v. Perryman, Case No. 1:23-cv-10985-LGS (S.D.N.Y).
[5] Gary Perryman has since appealed the Court's enforcement order. See Order Continuing the H'rg [D.I. 1100] at 2.

3

stipulated to with the Liquidating Trustee. Notice of Withdrawal of Court Appointed Mediator [D.I. 1080] at 2.

On January 13, 2024, the Liquidating Trustee filed the Sanctions Motion. The motion alleges that the Perrymans repeatedly file "baseless and procedurally defective filings" that require the Liquidating Trustee and Debtors to expend "substantial resources" to the detriment of the estates and their creditors. Id. ¶ 11. On January 29, the Court held a hearing regarding the Sanctions Motion. Amended Notice of Agenda [D.I. 1096]; Tr. of January 29, 2024 Hr'g (the "Jan. 29 Tr.") [D.I. 1132]. I announced at that hearing that I would issue my ruling on the Sanctions Motion at an omnibus hearing scheduled for February 5, 2024. That hearing was canceled on the morning of the scheduled hearing when Laura Perryman advised the Court of an urgent issue that would have prevented the Perrymans from appearing. The next day, this Court entered the Sanctions Order.

In addition to the Sanctions Motion and the Curonix Motion, this Court issued its Order to Show Cause Regarding Violation of Order: (I) Approving Stipulation By and Among the Liquidating Trustee and Gary Perryman, Laura Perryman, and Brandyn Perryman Regarding Selection of Mediator and Participation in Mediation; and (II) Assigning Matter to Mediation (the "Order to Show Cause") [D.I. 1083].

**II.     Discussion**

*A. The Bankruptcy Court's Contempt Powers*

Bankruptcy Code section 105(a) authorizes bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy courts utilize the authority of section 105(a) to impose civil

sanctions[6] on parties for violations of court orders. In re Vaso Pharms., Inc., 514 B.R. 416, 421 (Bankr. D. Del. 2014); EHT US1, Inc. v. EHT Asset Mgmt., LLC, 633 B.R. 223, 232 (Bankr. D. Del. 2021); see also Burd v. Walters (In re Walters), 868 F.2d 665, 670 (4th Cir. 1989) ("If Congress can constitutionally create legal presumptions, assign burdens of proof and prescribe legal remedies for Article I courts, it seems to follow that it can constitutionally grant them the power to enforce their lawful orders through civil contempt."); In re Skinner, 917 F.2d 444, 447 (10th Cir. 1990) ("[T]he weight of authority supports our holding that section 105(a) empowers bankruptcy courts to enter civil contempt orders."); In Re Power Recovery Systems, Inc., 950 F.2d 798, 802 (1st Cir. 1991) ("[A] bankruptcy court may issue an order of contempt if proper notice of procedures are given.").

The All Writs Act authorizes "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This Circuit authorizes District Courts to utilize their authority under the All Writs Act to restrict the meritless filings of a litigant. In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989); see also 28 U.S.C. § 151(a) (extending the power of courts under the All Writs Act to bankruptcy courts). Courts may restrict the filings of a party engaged in a "continuous pattern of groundless and vexatious litigation . . . ." In re Oliver, 682 F.2d 443 (3d Cir. 1982). Courts impose these injunctions sparingly; particular caution should apply to injunctions imposed on pro se litigants. Id. at 445. Courts may only impose a filing injunction on a pro se litigant in (1) exigent circumstances, "such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions[,]" (2) with notice to the

---

[6] Sanctions for contempt of court may be either civil or criminal in nature. The subjective intent of the court opposing contempt sanctions does not nature of the sanction, i.e., whether the sanction is defined as criminal or civil. Hicks v. Feiock, 485 U.S. 624, 635 (1988).

litigant to show cause,[7] and (3) with a narrowly tailored injunction fit to the particular circumstances of the case. Yoder v. Wells Fargo Bank, N.A., 765 Fed. App'x. 822, 824 (3d Cir. 2019) (citing Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)).

### B. The Perrymans' Repeated Instances of Meritless and Vexatious Filings Warrant the Relief Imposed by the Sanctions Order

On January 29, 2024, this Court held a hearing regarding the Trustee's motion to impose non-monetary sanctions on the Perrymans (the "Trustee Mot.) [D.I. 1078]. See generally Jan. 29 Tr. The Trustee alleged that each of the Perrymans submitted "baseless and procedurally defective filings . . . ." Trustee Mot. ¶ 11. Such filings require the attention of the Debtors, the Liquidating Trustee, and other parties, thus delaying the administration of the case and depleting the assets of the estate at the expense of creditors. Id. ¶¶ 11, 13. The Liquidating Trustee asserted that the Perrymans, both individually and collectively, and through control of various affiliated entities, filed numerous objections, claims, demands, and filed complaints, all lacking in merit or fact. The Court agrees.

i. Gary Perryman

a. Riveron Management Services LLC and Debtors' CRO

On November 9, 2022, the Debtors filed a motion to authorize the agreement with Riveron Management Services LLC ("Riveron") to provide Timothy Stallkamp as the Debtors' Chief Restructuring Officer (the "Riveron Retention Application") [D.I. 520].

Gary Perryman filed an objection to the Riveron Retention Application, dated November 21, 2023 [D.I. 558]. His objection rested on the conclusory allegations that the Stimwave

---

[7] Under Bankruptcy Rule 9020, a party in interest may move for an order of contempt. Fed. R. Bankr. P. 9020. Bankruptcy Rule 9014(a) requires reasonable notice and an opportunity to be heard for the party "against whom relief is sought." Fed. R. Bankr. P. 9014(a). On January 29, 2024, the Court held a hearing regarding the Sanctions Motion. The Perrymans attended the hearing and addressed the Court.

management team coordinated with Kennedy Lewis Investment Management to engage in self-dealing transactions that ultimately provided Kennedy Lewis with control. Id. ¶¶ 3, 6, 8–10, 13. The little evidence attached to the objection provided no support for these allegations. See id. Ex. A, Ex. B.

On November 23, 2022, the Debtors filed a reply to Mr. Perryman's objection. Reply in Support of Debtors' Mot. to Authorize [D.I. 554]. Gary Perryman later emailed Debtors' counsel to withdraw his objection. Cert. of No Obj. at 1 [D.I. 560].

b.  Insider Claim Objections

On March 2, 2023, Gary Perryman filed his Objection to Claims of Insiders Jeffrey Goldberg, Marc Love [sic], and Regina Groves (collectively, the "Claimants") Pursuant to § 502(b)(4) of the Bankruptcy Code (the "Insider Claim Objection") [D.I. 741]. In the Insider Claim Objection, he asserted, without supporting evidence, that the above claimants were insiders that formed "a shady, secret, unapproved subcommittee of the executive committee [of the Debtor]" for the purpose of engaging in self-interested transactions with Kennedy Lewis Investment Management. Id. ¶ 4. Gary Perryman made similar allegations in his objection to the Riveron Retention Application. ¶¶ 11–14.

The Court granted an order to the claimants to continue the hearing and extend the response deadline. Order Granting Emergency Mot. [D.I. 781]; see generally Emergency Mot. to Extend [D.I. 764] (noting that the hearing would require four witnesses and claimants required additional time to obtain certain information). On April 6, 2023, the claimants filed their response to Gary Perryman's objection. Response to Obj. to Claim [D.I. 818]. The parties conducted three depositions of the claimants between the dates of April 21, 2023 and April 26, 2023. Notice of Dep. of Regina Groves [D.I. 831]; Notice of Dep. of Jeffrey Goldberg [D.I.

Case 22-10541-TMH    Doc 1134    Filed 02/21/24    Page 8 of 17

832]; Notice of Dep. of Marc Love [D.I. 833].[8] On April 18, 2023, Gary Perryman unilaterally filed a notice of an adjournment of the hearing, initially scheduled for May 3, 2023, and purported to reschedule the hearing for June 13, 2023. Notice of Adjourned Matters [D.I. 846]. The Court denied the notice of adjournment because it seemed to be filed purely for the purposes of delay. Order Denying Continuance [D.I. 852].

On April 19, 2023, Gary Perryman filed a frivolous motion to strike the Claimants' response. Mot. To Strike [D.I. 847]. As the Court noted at the hearing on the Motion to Strike, the Motion to Strike offered no basis for striking the response and relied on inapplicable Florida procedural rules. Tr. of May 3rd, 2023 Hr'g (the "May 3 Tr."), 6:22–7:5 [D.I. 897] (noting that the motion does not "articulate any of the bases set forth in [Federal Bankruptcy] Rule 7012 to strike" and improperly relies on the Florida Rules of Civil Procedure). On April 24, 2023, Gary Perryman filed an additional motion to compel the production of certain documents to be considered at the May 3, 2023 hearing (the "Motion to Compel") [D.I. 868].

On May 1, 2023, just under two months since Gary Perryman filed the initial claim objection, and with the resulting discovery and litigation in the interim, Gary Perryman filed a "motion to vacate" the hearing on the Insider Claim Objection, seeking further delay. Mot. to Vacate [D.I. 881]. The Court subsequently denied the motion. Order Denying Mot. to Vacate [D.I. 882]. On May 2, 2023, Gary Perryman filed a notice of withdrawal dated May 2, 2023, and entered on the docket on May 3, 2023. Notice of Withdrawal [D.I. 885]. The parties and the Court received the notice of withdrawal the morning of the 10:00 a.m. hearing. May 3 Tr., 5:21–

---

[8] During the deposition of Ms. Groves in April 2023, the parties requested an urgent teleconference seeking the Court's intervention. It emerged that Brandyn Perryman attended the deposition, ostensibly to assist Gary Perryman. During that deposition, one of the attorneys for Ms. Groves told the Court that Brandyn Perryman called him a vulgar name and appeared to challenge him to a fight. The Court therefore excluded Brandyn Perryman from the deposition.

8

6:8. Despite having the Motion to Compel and Motion to Strike scheduled for hearing on that date, Gary Perryman did not attend the hearing. The Court stated that it was "not uncomfortable noting that [the Court found] Mr. Perryman's behavior in this matter offensive to the Court and extremely disrespectful to the parties." May 3 Tr. 16:1–4.

Gary Perryman's conduct regarding the Insider Claim Objection and related motions suggests to this Court that their true purpose was to harass the Claimants, unnecessarily deplete estate assets, and waste the time of the parties and the Court.

c. Discovery Requests

Gary Perryman, on behalf of himself, as the assignee and shareholder of the Perryman Family Trust, and as the largest shareholder of the Debtor, has sought to propound discovery on several instances. On August 17, 2022, Gary Perryman filed a Notice of Rule 2004 Examination of the Debtor (the "Rule 2004 Notice") [D.I. 253]. The Rule 2004 Notice did not comply with this Court's Local Rule 2004-1 in any respect. Moreover, the Rule 2004 Notice purported to be filed pursuant to Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Florida, which is inapplicable in this Court.

Then, on September 1, 2022, Gary Perryman, "as Director of the Debtor and largest shareholder as the Trustee of the Perryman Family Trust," filed his Expedited Motion for Entry of an Order, Pursuant to Fed. R. Bankr. P. 2004 and Del. Bankr. L.R. 2004-1, Authorizing and Directing the Debtors to Produce and to Appear for Deposition Upon Oral Examination (the "Initial 2004 Motion") [D.I. 294].[9] He claimed to have standing because the Perryman Family Trust allegedly owned Stimwave stock transferred from Laura Perryman. The 2004 Motion sought permission to request forty-six potential categories of documents covering ostensibly any

---

[9] Like many of the Perryman's filings, the Initial 2004 Motion appears to be largely copied and pasted from pleadings filed by other parties in other cases.

document under control of the Debtor. See id. Ex. B, at 15-17. The 2004 Motion purported to impose a one-day objection deadline of September 2, 2022 for any responses, in violation of this Court's Local Rules and the Federal Rules of Bankruptcy Procedure. Id. at 1. The Court denied the Initial 2004 Motion, finding that Gary Perryman lacked standing both as a non-attorney trustee of the trust and as a director, as well as no good cause provided for the burdens imposed by the discovery. Tr. of September 29, 2022 Hr'g, 100:20–102:14 [D.I. 386].

On November 23, 2023, Gary Perryman filed another motion seeking an examination under Rule 2004. Motion for Order Authorizing Procedures for Production of Documents and 2004 Examination of the Debtors [sic] Controller (the "Second 2004 Motion") [D.I. 1033]. The Second 2004 Motion requests broad discovery of four years' worth of the Debtors accounting and financial information related to the professional fees of legal, accounting, consulting, and financial service providers.

          d.   The Court Orders Mediation and the Perrymans Refuse to Attend

On November 29, 2023, Gary Perryman, along with the Perryman family and the Liquidating Trustee, stipulated to a global mediation of all issues relating to the Perrymans and any affiliated entities before the Honorable Christopher S. Sontchi (ret.) [D.I. 1034]. On December 4, 2023, the Court entered an order approving the stipulation and sent the matters to mediation, requiring the parties to mediate. Order Approving the Stipulation and Sending the Matter to Mediation (the "Mediation Order") [D.I. 1038]. The Mediation Order stayed all pending proceedings.

On January 10, 2024, Gary Perryman, in violation of the Mediation Order, informed the mediator that "the Perrymans [did] not wish to participate in the court ordered mediation . . . ." Notice of Withdrawal of Court Appointed Mediator [D.I. 1080].

The Perrymans' failure to participate in mediation is the subject of this Court's Order to Show Cause.

###### ii. Laura Perryman

######## a. Objection to Employment of Richards Layton & Finger, P.A.

On July 13, 2022, the Court entered an order approving the retention of certain ordinary course professionals. Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals [D.I. 139]. On October 21, 2022, the Debtors filed the Declaration (the "RLF Declaration") of Disinterestedness of Richards, Layton & Finger, P.A ("RLF"), in connection with the Debtors' retention of RLF as an ordinary course professional. Notice of Filing [D.I. 466]. RLF represented the Debtors in a Delaware Chancery Court action commenced in 2019 against Laura Perryman and certain affiliates. See Stimwave Techs. v. Perryman, C.A. No. 2019-1003-SG (Del. Ch.).

On October 27, 2022, Ms. Perryman filed an objection to RLF's declaration of disinterestedness (the "RLF Objection") [D.I. 479]. Yet the RLF Objection did not challenge the substance of the RLF Declaration. Ms. Perryman arguments included accusations that the Debtors could not afford the Chancery litigation — a challenge for the original motion for the retention of ordinary course professionals — as well as arguments regarding the merits of the Chancery litigation. Id. ¶¶ 3-4, 6, 8. On November 29, 2022, without leave of Court, Ms. Perryman filed her Sir Reply[sic] to Retention of Richard [sic] Layton and Approval of Expenses for Debtor Litigation as Plaintiff (the "Sur-Reply") [D.I. 563]. Only in the Sur-Reply did she address the hiring of RLF specifically, but only to assert through conclusory allegations that the hiring constituted a waste of funds for the allegedly meritless Chancery litigation. Moreover, the Sur-Reply appears to include paragraphs taken entirely from separate litigation documents, with

the paragraph numbers starting at paragraph two, and then skipping from paragraph four to paragraph eleven. Id.

At a hearing on November 30, 2022, the Court overruled the RLF Objection, finding that the RLF Objection did not "articulate[] any factual or legal basis that prevents" RLF from being retained as an ordinary course professional and incurring fees and expenses. Tr. of November 30, 2022 Hr'g (the "Nov. 30 Tr."), 9:11–14 [D.I. 569].

### b. Baseless Motion to Strike

On November 15, 2022, Ms. Perryman filed a motion to strike certain documents filed by the Debtor. Laura Perryman Motion to Strike Fraudulent Statements and Exhibit Produced by the Debtor (the "Motion to Strike") [D.I. 535]. By the Motion to Strike, Ms. Perryman sought to strike statements regarding prior mismanagement at Stimwave and statements regarding Ms. Perryman's alleged regulatory violations. Id. ¶¶ 7-8. Ms. Perryman countered, without providing any factual basis, that the Debtor "continues to engage in acts violating the False Claims Act and Medicare billing fraud." Id. at 3 n. 3. The Court denied the Motion to Strike, holding that Ms. Perryman did not meet "any of the appropriate standards of [Federal Rule of Civil Procedure] 12(f)" nor did she meet the timing requirements of Rule 12(f). Nov. 30 Tr., 19:3-7.

### c. Laura and Gary Perryman's Objection to Disclosure Statement and Motion for Injunctive Relief to Relitigate Motion to Strike

On December 12, 2022, the Debtors filed the Disclosure Statement for Joint Plan of Liquidation of Stimwave Technologies Incorporated and Stimwave LLC Pursuant to Chapter 11 of the Bankruptcy Code (the "Disclosure Statement") [D.I. 591]. On January 17, 2023, the Debtors filed their Motion for Entry of Order (I) Approving Disclosure Statement, (II) Establishing Voting Record Date, Voting Deadline. and Other Dates, (III) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Plan Objections, (IV)

Approving Manner and Form of Notice and Other Documents, and (V) Granting Related Relief (the "Disclosure Statement Motion") [D.I. 647].

On January 1, 2023, Laura and Gary Perryman jointly filed their Objection to the Motion to Approve Disclosure Statement and Releases and Waivers of Liability for Debtor Directors, Officers and Employees and Professionals (the "Disclosure Statement Objection") [D.I. 672]. By the Disclosure Statement Objection, Laura and Gary Perryman opposed approval of the Disclosure Statement, opposed the waiver of liability and releases included within the Plan, and asked the Court to strike certain statements referencing Ms. Perryman within the Plan and Disclosure Statement. Id. at 23-24.

The Court overruled the Disclosure Statement Objection, in part because by the Disclosure Statement Objection, Laura and Gary Perryman sought to relitigate matters already decided by the Court. At the first day hearing in these cases, Laura Perryman attempted to cross-examine Mr. Aure Bruneau, the Debtor's CEO, regarding his first day declaration in support of the motions. See Tr. of June 16, 2022 Hr'g (the "June 16 Tr."), 8:18–23 [D.I. 46]. Ms. Perryman contended that Mr. Bruneau made inaccurate and defamatory comments about her when describing the causes of the Debtors' bankruptcy filings. Id. This Court determined that Ms. Perryman sought testimony outside the scope of Mr. Bruneau's declaration and admitted the declaration subject to future challenges. Id. 8:24-9:10. On November 15, 2022, as discussed above, Ms. Perryman filed her Motion to Strike, which the Court denied. Nov. 30 Tr., 19:3–7. By the Disclosure Statement Objection and Motion to Strike, the Perrymans sought to relitigate these same issues. See June 16 Tr., 21:11–12 ("I was asked prior to strike that declaration and I denied that request.").

Undeterred, Ms. Perryman filed her procedurally defective Motion for Injunctive Relief Prohibiting and Enjoining Reference to Non-Debtors and Request to Set Order to Show Cause Hearing (the "Injunction Motion") [D.I. 690].[10] The allegations in the Injunction Motion were identical to those raised and rejected at the June 16, 2022 hearing, and those included in the Motion to Strike and Disclosure Statement Objection. Id. ¶ 2 ("Each of the documents filed in this matter relating [sic] the alleged Chapter 11 Plan and the Disclosure Statements contain slanderous, defamatory, untrue, and unsubstantiated remarks alleging that the prior management of the Debtor, i.e. Ms. Perryman, 'mismanaged the Debtor operations leading to the Bankruptcy filing.'"). Ms. Perryman failed to set the Injunction Motion for a hearing, and it was never adjudicated.[11]

   iii. The Perrymans have repeatedly multiplied proceedings by commencing adversary proceedings to determine matters already before the Court

     a. Laura Perryman and Brandyn Perryman Proofs of Claim 54 & 55 and Adversary Proceeding 23-50322

Ms. Perryman submitted two proofs of claim that were docketed as claim numbers 54 and 55. Claim number 54, asserted against Stimwave Technologies Incorporated, is unliquidated and bases the claim on unclear grounds including potential indemnification. See Claim No. 54. Claim number 55, this time asserted against Stimwave LLC, includes the same evidence as claim number 54, but instead asserts $1,218,819.00 as the total amount for the claim, as well as

---

[10] Among other things, injunctive relief must be sought through the filing of a complaint, initiating an adversary proceeding. Fed. R. Bankr. P. 7001(7).

[11] In addition, Laura Perryman filed three separate proofs of claim against Stimwave Technologies Incorporated, each totaling $17,409,270.00. See Claim No. 104; Claim No. 106; Claim No. 107. Each claim alleges damages for defamation, slander, and libel, with claim numbers 106 and 107 specifying the damages as post-petition damages. See Claim No. 104; Claim No. 106; Claim No. 107. The claims appear to be based on compensation for lost earnings allegedly owing to reputational damage caused by statements made by Stimwave Technologies Incorporated. Claim No. 104 at 12-13. Ms. Perryman asserted that she would file additional supporting information under seal, but she has not done so. See id. at 13. These claims assert the same basic arguments litigated in Ms. Perryman's motion to strike, objection to the disclosure statement, and previously filed injunction.

providing unpaid wages as the basis of the claim. See Claim No. 55. Ms. Perryman subsequently purported to transfer claim number 55 to Brandyn Perryman. See Transfer of Claim [D.I. 803].

On February 24, 2023, the Debtors filed an objection to claim number 55 (the "55 Claim Objection") [D.I. 734].

On March 27, 2022, Brandyn Perryman responded to the 55 Claim Objection by initiating an adversary proceeding against the Debtor and others stemming from his rights as purported assignee of claim number 55, including by seeking payment of the same claims that are subject to claim number 55 and the 55 Claim Objection [Adv. Pro. No. 23-50322 (TMH), D.I. 1]. Brandyn Perryman subsequently assigned claim number 55 back to Laura Perryman and himself. Transfer of Claim Number 55 [D.I. 974]. After attempting reassign the claim to Ms. Perryman and himself, Brandyn Perryman attempted to join Ms. Perryman as a plaintiff in the adversary proceeding through an amended complaint. On the same day he filed the amended complaint, Brandyn Perryman filed a motion for withdrawal to the District Court of the Southern District of Florida.

The claim and its duplicative adversary proceeding are subject to the court ordered mediation. Given the Perrymans' refusal to attend the mediation, the 55 Claim Objection and the duplicative adversary remain pending.

      i. Brandyn Perryman Stimguard Claim Proof of Claim 59

Stimguard LLC, an affiliate of the Perrymans, filed a proof of claim against Stimwave LLC totaling $585,826.00 regarding money owed for services provided by Stimguard through a licensing agreement. Claim No. 59. On February 24, 2023, the Debtors filed an objection to claim number 59. On April 12, 2023, Stimguard assigned the claim to Brandyn Perryman [D.I. 835]. Brandyn Perryman initially attempted to adjourn the hearing on the claim objection, but the

parties agreed to include the claim within the mediation. See Stimguard Judicial Notice of Adjournment. The Perrymans subsequently withdrew from the court ordered mediation.

> ii. Gary Perryman/LTP Limited LLC Administrative Claim and Duplicative Complaint

On July 13, 2023, Gary Perryman filed a motion to request the payment of an administrative claim asserted on behalf of LTP Limited LLC ("LTP"). Request for Payment of Administrative Claim (the "LTP Claim Request") [D.I. 976].[12] The LTP Claim Request seeks indemnification for $55,253.55 of expenses incurred in litigation against the Debtors. Id. ¶¶ 1–3. The Plan of Liquidation set an administrative claims bar date of June 30, 2023. Notice of Effective Date [D.I. 922] ¶ 3. Accordingly, the LTP Claim Request was untimely. Nevertheless, on October 23, 2023, Garry Perryman filed an adversary proceeding seeking indemnification for the same expenses at an identical amount. [Adv. Pro. No. 23-50750 TMH), D.I. 1]. In the adversary proceeding, Gary Perryman filed a notice of motion to withdraw reference to the District Court that remains pending. See Notice of Withdrawal and Termination [D.I. 13]. Like Laura and Brandyn Perryman's proof of claim and matching adversary proceeding, Gary has asserted a claim in this court and seeks to litigate the same issue in a district court.

*C. Sanctions Previously Imposed Also Warrant Entry of the Sanctions Order*

The Court recognizes Ms. Perryman's history of troubling litigation in bankruptcy courts. While contempt motions generally focus on the conduct of the litigant within the case before it, previous sanctions may provide a litigant notice of unreasonable behavior. See Payne v. Anthony Scott Law Firm PLLC, Case No. 3:22-CV-2926-M-BK, 2023 U.S. Dist. LEXIS 89798, at *16–17 (May 5, 2023 N.D. Tex.) (noting that previous sanctions for filing frivolous actions in

---

[12] Mr. Perryman filed the LTP Claim Request even though LTP is a business entity and Gary Perryman is not an attorney who may appear before the Court on behalf of LTP.

multiple tribunals placed the plaintiff on notice that his similar behavior could subject him to sanctions). In In re Micron Devices, the court imposed monetary and injunctive sanctions on Ms. Perryman for unreasonably multiplying the proceedings with baseless and duplicative litigation. In re Micron Devices, 636 B.R. 649, 655–56, 657 (Bankr. S.D. Fla. 2021). Ms. Perryman engaged in the exact behavior that plagues this litigation now. See id. 652–54 (listing the defective or meritless actions filed by Ms. Perryman). Ms. Perryman at least, and the Perrymans as a whole, were on notice that their actions could result in sanctions of this kind.

### III.  Conclusion

Through duplicative and serial filings that frequently ignore applicable procedural rules and assert baseless claims for relief, the Perrymans have clogged the docket in these cases. Their activity has caused significant disruption and needlessly increased the cost of the administration of these cases. The Court recognizes that placing limitations on a party's ability to file pleadings and other documents imposes certain burdens. However, where, as here, a party has needlessly multiplied proceedings with repetitive and baseless filings, and has been provided with an opportunity to respond, it is appropriate to order the narrowly tailored relief provided in the Sanctions Order.

Dated: February 21, 2024
Wilmington, Delaware

_____
Thomas M. Horan
United States Bankruptcy Judge