IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**STIMWAVE TECHNOLOGIES INCORPORATED**, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10541 (TMH)<br>(Jointly Administered)<br><br>**Hearing Date:**<br>April 22, 2024 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>April 1, 2024 at 4:00 p.m. (ET)<br><br>**Re: D.I. No. 1034, 1080, 1083** |

**LIQUIDATING TRUSTEE'S MOTION TO VACATE ORDER: (I) APPROVING STIPULATION BY AND AMONG THE LIQUIDATING TRUSTEE AND GARY PERRYMAN, LAURA PERRYMAN, AND BRANDYN PERRYMAN REGARDING SELECTION OF MEDIATOR AND PARTICIPATION IN MEDIATION; AND (II) ASSIGNING MATTER TO MEDIATION**

Province, LLC, as the Liquidating Trustee for the SWTI Liquidating Trust (the "Liquidating Trustee"), hereby requests that the Court withdraw the Perryman matters from mediation pursuant to Rule 9019-5(g) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Motion, the Liquidating Trustee respectfully states as follows.

**I.**

**RELIEF REQUESTED**

1. By this Motion, the Liquidating Trustee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, withdrawing from mediation those matters

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include Stimwave Technologies Incorporated (7426) and Stimwave LLC (5018). The Debtors' mailing address is Stimwave Technologies, Inc., *et al.*, c/o Province, LLC, Attn: Amanda Demby, 2360 Corporate Circle, Suite 340, Henderson, NV 89074.

1

previously assigned to mediation (as defined in the Stipulation, the "Perryman Matters") pursuant to the *Stipulation By and Among the Liquidating Trustee and Gary Perryman, Laura Perryman, and Brandyn Perryman Regarding Selection of Mediator and Participation in Mediation; and (II) Assigning Matter to Mediation* [D.I. No. 1034] (the "Stipulation") and this Court's Order approving the Stipulation [D.I. No. 1036] (the "Mediation Order").[2]

## II.

## JURISDICTION

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.).

3. This is a core proceeding under 28 U.S.C. § 157(b).

4. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The Liquidating Trustee confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## III.

## BASIS FOR RELIEF

---

[2] Capitalized terms used herein and not otherwise defined have the meanings set forth in the Stipulation and the Order.

2

6. The basis for the relief requested herein is Section 105(a) of the Bankruptcy Code and Local Rules 9019-3 and 9019-5.

## IV.

## BACKGROUND FACTS

**A.    General Background.**

7. On June 15, 2022, the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing these Chapter 11 cases. On March 21, 2023, this Court entered an order [D.I. No. 791] (the "Confirmation Order") confirming the *Second Amended Joint Plan of Liquidation of Stimwave Technologies Incorporated and Stimwave LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. No. 768] (the "Plan"), which became effective on May 31, 2023.

8. Among other things, the Plan approved and implemented the *Liquidating Trust Agreement and Declaration of Trust* by and among Stimwave Technologies Incorporated and Stimwave LLC (collectively, the "Debtors") and the Liquidating Trustee dated as of May 26, 2023, which governs the administration of the SWTI Liquidating Trust.

**B.    The Mediation Stipulation and Order.**

9. The Liquidating Trustee and the Perrymans began discussing mediation in the summer of 2023. Over several months, they negotiated the scope of the mediation, which was to be a global mediation of all of the Perryman claims, including those expressly identified in the Stipulation and any other claims or concerns that the Perrymans wished to add; agreed on a mediator (the "Mediator"); agreed to a stay of the various Perryman Matters pending the conclusion of the mediation; and agreed on mediation dates that would accommodate a surgery for one of the parties that was scheduled in early December.

10. Between or about November 13, 2024, and November 17, 2024, the Liquidating Trustee also disclosed to the Perrymans that Curonix, LLC intended to file a motion to enforce this Court's order confirming the sale of the Debtors' assets and that the Liquidating Trustee would be assisting in the enforcement effort by joining in the Curonix motion. The Perrymans acknowledged this and chose to move forward with the mediation and enter into the Stipulation.[3] That Stipulation was filed with the Court on November 29, 2023. The next day, the Court entered its Mediation Order approving the Stipulation.

11. Pursuant to the Stipulation and Mediation Order, the Mediation conference was either to be held on either December 18 or 19, 2023, in New York, or such other date or location agreed to by the Mediator, the Liquidating Trustee, and the Perrymans or to take place by Zoom the week of January 15, 2024, or January 22, 2024. (Stipulation, ¶ 6).

    **C.    The Perryman's Unilateral Decision Not to Participate in the Court-Ordered Mediation.**

12. On December 21, 2023, the Mediator's staff began following up with the parties to finalize preparations for the mediation scheduled for January 15, 2024. On Friday, January 5, 2024, Mr. Gary Perryman responded by declaring that only three issues could be mediated at that time: (a) Ms. Perryman's wage claim, which was purportedly assigned to Brandyn Perryman; (b) the StimGuard claim assigned to Brandyn Perryman; and (c) Gary Perryman's claims for legal fees. He further stated that Ms. Perryman "cannot attend and we do not plan to negotiate the amounts owed to her from the damage [the Debtors] have caused her" and indicated that her claims would need to be addressed after her criminal trial concluded in March. Counsel for the Liquidating

---

[3] The email communications between the Perrymans and the Liquidating Trustee regarding the Curonix motion are attached hereto as **Exhibit B** with the relevant comments highlighted for the Court's convenience. (Counsel for the Liquidating Trustee has conferred with the Mediator and confirmed that the email communications attached hereto are not confidential communications within the scope of the Mediation Order and Local Rule 9019-5.)

4

Trustee responded the next day, suggesting—subject to client approval—that the Parties agree to mediate Mr. Perryman's proposed subset of issues and that they postpone the mediation to January 22, 2024, to clarify the specific issues to be addressed and coordinate regarding mediation briefs and joint document submissions. The Mediator also concurred with Mr. Perryman's proposal, noting that it would not be realistic, in any event, to mediate all of the Perryman Matters in one day.[4]

13. Later that day, Gary Perryman wrote to the Liquidating Trustee and the Mediator stating: "It is doubtful mediation will proceed. We are not proceeding. Lauras [sic] counsel says it is a bad idea because they will be coming after the estate for damages well beyond these discussions and amounts." On Monday, January 8, 2024, counsel for the Liquidating Trustee informed Mr. Perryman that the Liquidating Trustee had agreed to his request to bifurcate the mediation, with the claims asserted by Brandyn and Gary Perryman to be addressed on the 22nd and the claims that would require Laura Perryman's participation to be addressed at the end of March. In response, Gary Perryman pivoted to a discussion of the Curonix motion and various personal attacks, indicating that the Perryman family was refusing to participate in the mediation due to "irreconcilable differences."[5]

14. On January 16, 2024, the Mediator filed his *Request to Withdraw as Court Appointed Mediator* [D.I. 1080], and the following day this Court issued its Order to Show Cause regarding violations of the Mediation Order [D.I. 1083].

### D. The Perrymans Have Not Acted in Good Faith and Further Mediation Efforts Are Likely Only to Delay and Hinder the Efficient Administration of These Estates.

---

[4] The email communications between the Perrymans, the Liquidating Trustee, and the Mediator are attached hereto as **Exhibit C**, with the relevant comments highlighted for the Court's convenience.

[5] The email communications between the Perrymans, the Liquidating Trustee, and the Mediator are attached hereto as **Exhibit D**, with the relevant comments highlighted for the Court's convenience.

15. After the Liquidating Trustee expended at least $20,000 in legal fees preparing for mediation, and after both the Liquidating Trustee and the Mediator made every accommodation that the Perrymans requested, the Perrymans simply decided not to show up. This farce has hamstrung and delayed the administration of these estates for over six months. Based on the Perryman's conduct, the Liquidating Trustee does not believe that the Perrymans proceeded in good faith, and it believes that further mediation efforts are futile.

16. The Liquidating Trustee has therefore requested that the Perrymans stipulate to vacate the Mediation Order and to withdraw the Perryman Matters from mediation. As the Liquidating Trustee understands their position, it is as follows: (a) the Perrymans believe that the Mediation Order was automatically vacated and of no further effect either when they determined that they would no longer participate in mediation or when the Mediator filed his notice requesting to withdraw; and (b) therefore, the Perrymans believe that a stipulation to vacate the Mediation Order is not required nor will they agree to such a stipulation.[6]

## V.

## BASIS FOR RELIEF

17. Contrary to their assertions, the Perryman's unilateral decision to refuse to attend the mediation conference in violation of the Mediation Order did not vacate that Order or withdraw the Perryman Matters from mediation. In fact, the Perrymans previously asserted these positions at the hearing regarding this Court's Order to Show Cause on January 29, 2024. In response, the Court stated that: "The order referring these matters to mediation is still in place. Nobody has sought relief from that Order. And the provisions barring the commencement of further

---

[6] The email communications between the Perrymans and the Liquidating Trustee regarding the Liquidating Trustee's request that the Perrymans stipulate to vacate the Mediation Order is attached hereto as **Exhibit E**.

proceedings remain in place. . . . I think I, as a practical matter, need to vacate my order assigning everything to mediation. Because you can't . . . have a mediation without willing participants." The power to remove a matter from mediation or to vacate the Court's order lies not with the Perrymans or with the Liquidating Trustee. To the contrary, the power to withdraw the Perryman Matters from mediation rests with the Court. *See* Local Rule 9019-5(g) ("Any matter assigned to mediation under this Local Rule may be withdrawn from mediation *by the Court* at any time.") (emphasis added).

18. Because it is clear that the Perrymans are not willing participants and that further mediation efforts are futile, and the Liquidating Trustee cannot move forward with its prosecution of its objections to the Perryman Matters until the stay set forth in the Mediation Order is lifted, the Liquidating Trustee respectfully seeks relief from the Mediation Order and moves this Court for entry of an order removing the Perryman Matters from mediation pursuant to Local Rule 90195(g) and vacating the Mediation Order.

## VII.

## NOTICE

19. The Liquidating Trustee has provided notice of this Motion to the following parties (collectively, the "Notice Parties"): (a) Gary, Brandyn, and Laura Perryman; (b) the Office of the United States Trustee for the District of Delaware; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, considering the nature of the relief requested, no other or further notice need be given.

## VIII.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made by the Debtors

to this or any other court.

      **WHEREFORE**, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  March 15, 2024
Wilmington, Delaware

Mette H. Kurth (DE Bar No. 6491)
**CULHANE MEADOWS, PLLC**
3411 Silverside Road
Baynard Building, Suite 104-13
Wilmington, Delaware 19810
Telephone: (302) 289-8839 Ext. 100
Email: mkurth@cm.law

*Counsel to the Liquidating Trustee*