# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**STIMWAVE TECHNOLOGIES INCORPORATED**, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10541 (TMH)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>May 15, 2024, at 10:00 a.m. (ET)<br><br>**Response Deadline:**<br>May 8, 2024, at 4:00 p.m. (ET)<br><br>**Hearing Location:**<br>Third Floor, Courtroom 7 |

### THIRD OMNIBUS OBJECTION TO CLAIMS
### (NON-SUBSTANTIVE)
**(Perryman & Perryman Related Claims: Late Filed, Duplicate, Amended, Unsubstantiated)**

> **PARTIES WHOSE CLAIMS ARE LISTED ON SCHEDULE 1 TO EXHIBIT A MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION. PARTIES RECEIVING THIS OBJECTION SHOULD THEREFORE REVIEW SCHEDULE 1 TO EXHIBIT A TO DETERMINE IF THEIR CLAIMS ARE SUBJECT TO THIS OBJECTION.**

Pursuant to Articles IV.C.2 (Establishment of the Liquidating Trust), IV.C.8 (Role, Rights, and Powers of the Liquidating Trustee), and XI.1 (Retention of Jurisdiction) of the *Second Amended Joint Plan of Liquidation of Stimwave Technologies Incorporated and Stimwave LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. No. 791-1] (as may be further modified, amended, or supplemented from time to time, and together with any exhibits or schedules thereto,

---

[1] The reorganized debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Stimwave Technologies Incorporated (7426) and Stimwave LLC (5018) (collectively, the "**Reorganized Debtors**"). The Liquidating Trustee is the successor in interest to the Reorganized Debtors, and its mailing address is Province, LLC, Attn: Amanda Demby, 2360 Corporate Circle, Suite 340, Henderson, NV 89074.

1

the "**Plan**"),[2] Province, LLC, as Liquidating Trustee for the SWTI Liquidating Trust (the "**Liquidating Trustee**"), by and through its counsel, hereby submits this objection (the "**Objection**") seeking entry of an order disallowing, expunging, or reducing the claims identified in **Schedule 1** to **Exhibit A** hereto (collectively, the "**Perryman Claims**"). In support of this Objection, the Liquidating Trustee relies upon the *Declaration of Walter Bowser* (the "**Bowser Declaration**") attached hereto as **Exhibit B** and states as follows:

## RELIEF REQUESTED

1. The Liquidating Trustee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") disallowing, expunging, or reducing the Perryman Claims on one or more of the following grounds: (a) such claims were filed after the applicable claims bar date (the "**Late Filed Claims**"); (b) such claims are duplicative of one another (the "**Duplicate Claims**"); (c) such claims have been amended or superseded (the "**Amended Claims**"); and (d) such claims are not supported by the Debtors' books and records (the "**Books & Records Claims**").

## JURISDICTION

2. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

3. This is a core proceeding under 28 U.S.C. § 157(b).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Liquidating Trustee confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court (the

---

[2] Capitalized terms used herein and not otherwise defined have the meanings set forth in the Plan.

"**Local Rules**") to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BASIS FOR RELIEF

6.     The statutory basis for the relief requested herein is Section 502 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "**Bankruptcy Code**"), as supplemented by Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules.

## BACKGROUND

7.     On June 15, 2022, Stimwave Technologies Incorporated and Stimwave LLC (together, the "**Debtors**") filed petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"), thereby commencing these Chapter 11 Cases. Their cases were jointly administered for procedural purposes only.

8.     On March 21, 2023, the Bankruptcy Court entered an Order (the "**Confirmation Order**") [D.I. No. 791] confirming the Debtors' Plan, and the Plan became effective on May 31, 2023 (the "**Effective Date**") [D.I. No. 922].

9.     Pursuant to Article IV.C.2 and IV.C.8 of the Plan, the Liquidating Trustee was appointed to act as the representative of each of the Debtors' estates pursuant to Section 1123 of the Bankruptcy Code and was vested with the authority and power to resolve all Disputed Claims and any Claim objections pending as of the Effective Date, prosecute any objections to Claims that the Liquidating Trustee deems appropriate and resolve such objections, and take such other actions as may be necessary or appropriate to effectuate the Plan and the Liquidating Trust Agreement.

10. Pursuant to Article XI.1 of the Plan (Deemed Consolidation), this Court retained jurisdiction to, among other things, Allow, Disallow, determine, liquidate, classify, estimate, or establish the priority, Secured or unsecured status, or amount of any Claim or Interest, including the resolution of any request for payment of any Administrative/Priority Claim and the resolution of any and all objections to the Secured or unsecured status, priority, amount, or allowance of Claims or Interests.

### A. The Debtors' Substantive Consolidation for Purposes of Distributions and Claim Determinations.

11. Pursuant to Article IV.A of the Plan, entry of the Confirmation Order constituted approval, pursuant to section 105(a) of the Bankruptcy Code, as of the Effective Date, of the deemed consolidation of the Debtors for all purposes related to the Plan, including distributions and claim determinations, as follows:

> "Solely for such purposes, on and after the Effective Date: (i) all assets and liabilities of the Debtors shall, solely for distribution purposes, be deemed merged and treated on an aggregated basis, (ii) each Claim against any of the Debtors shall be deemed a single Claim against and a single obligation of all of the Debtors, (iii) any Claim scheduled, Filed or to be Filed in the Chapter 11 Cases shall be deemed a single Claim against the Debtors, (iv) all guarantees of one Debtor of the payment, performance, or collection of obligations of another Debtor shall be eliminated and cancelled, (v) all transfers, disbursements and distributions on account of Claims made by or on behalf of any of the Debtors' Estates hereunder will be deemed to be made by or on behalf of all of the Debtors' Estates, and (vi) any obligation of the Debtors as to Claims will be deemed to be one obligation of all of the Debtors. . . . Holders of Allowed Claims and Interests entitled to distributions under the Plan shall be entitled to their share of assets available for distribution to such Claims and Interests without regard to which Debtor was originally liable for such Claims and Interests."

### B. The Bar Dates Established in These Chapter 11 Cases.

12. On July 14, 2022, this Court entered its O*rder (I) Establishing Deadlines for the Filing of Proofs of Claim, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [D.I. No. 159] (the "**Bar Date Order**"), pursuant to which the Debtors

established (i) **September 19, 2022**, at 4:00 p.m. (prevailing Eastern Time) as the bar date (the "**General Bar Date**") by which all persons and entities must file proofs of claim asserting claims that arose before the Petition Date, including claims asserted pursuant to Section 503(b)(9) of the Bankruptcy Code, against the Debtors in these Chapter 11 Cases, and (ii) December 12, 2022, at 4:00 p.m. (prevailing Eastern Time) as the deadline by which all governmental units must file proofs of claim asserting prepetition claims against the Debtors in these Chapter 11 Cases.

13. Pursuant to the Plan, **June 30, 2023**, was established as the deadline for filing an Administrative Claim Request asserting a Claim pursuant to Section 503(b) or 507(a)(2) of the Bankruptcy Code for costs and expenses of administration of the Estates or compensation and reimbursement in making a substantial contribution in the Chapter 11 Cases. On or about May 31, 2023 the Debtors filed the *Notice of (I) Confirmation and Effective Date of the Second Amended Joint Plan of Liquidation of Stimwave Technologies Incorporated and Stimwave LLC Pursuant to Chapter 11 of the Bankruptcy Code and (II) Deadline Under the Plan and Confirmation Order to File Administrative Claims, Professional Fee Claims, and Rejection Claims* ("**Notice of Effective Date**") [D.I. No. 922]

    C.    **The Claims Resolution Process.**

14. In the ordinary course of business, the Debtors maintained books and records that reflect, *inter alia*, the Debtor's liabilities and the amounts owed to their creditors. Pursuant to Article I.A.72 of the Plan (Definitions), the Liquidating Trust Assets included the Debtor's books and records and all documents, communications, and information of the Debtors. Pursuant to Article IV.C.5 of the Plan (Liquidating Trust Assets), on the Effective Date, the Debtors transferred and assigned these books and records to the Liquidating Trust, including originals or copies of, or access to, all of the documents and business records of the Debtors necessary for the

disposition of the Liquidating Trust Assets, resolution of Disputed Claims and prosecution of Claim objections, and administration of the Liquidating Trust.

15. The register of claims prepared by Kroll Restructuring Administration LLC, the Debtors' claims and noticing agent, reflects that as of the date of this Objection there are 11 outstanding claims filed by various members of the Perryman family and related entities (in addition to three pending adversary proceedings reasserting certain claims). Two of these claims are subject to objections previously filed by the Debtors, the resolution of which was previously stayed in favor of mediation: (a) *Stimwave LLC's Objection to the Claim of Stimguard LLC (Claim No. 59)* [D.I. No. 733]; and (b) *Stimwave LLC's Objection to the Wage Claim of Laura Perryman (Claim No. 55)* [D.I. No. 734] (collectively, the "**Pending Claim Objections**").[3]

16. This Objection is focused upon the non-substantive objections to those Perryman Claims that are not the subject of a pending objection. A separate substantive objection to other Perryman claim will be filed shortly, and the Debtors are attempting to meet and confer with the Perrymans regarding discovery and a hearing schedule with respect to the Pending Claim Objections.

## BASIS FOR OBJECTION

17. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects."[4] Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim.[5]

---

[3] In addition, Mr. Perryman attached to his filed Administrative Claim Request Form [D.I. No. 976] a motion for payment of the asserted Administrative Claim, which motion was not separately filed or set for hearing. Out of an abundance of caution, the Liquidating Trustee filed an objection to the motion [D.I. No. 986].

[4] 11 U.S.C. § 502(a).

[5] 11 U.S.C. § 502(b).

18. Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."[6] While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.[7] The burden of persuasion with respect to the claim is always on the claimant.[8] The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity.[9]

19. For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each of the Perryman Claims identified in Schedule 1 and subject to this Objection.

### A. The Late Filed Claims.

20. Pursuant to Section 502(b)(9) of the Bankruptcy Code, a claim shall not be allowed "to the extent that … proof of such claim is not timely filed[.]"[10] During its review of the proofs of claim, the Liquidating Trustee determined that the Late Filed Claims identified on **Schedule 1-A**, were not timely and properly filed prior to the passage of the General Bar Date or Administrative Bar Date, as applicable. Pursuant to the Plan and the Notice of the Effective Date, any claims for allowance of an administrative expense had to be filed by June 30, 2023, using the Administrative Claim Request Form included in the Plan Supplement, accompanied by relevant

---

[6] 11 U.S.C. § 502(b)(1).

[7] *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)

[8] *See Id.* at 174.

[9] *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims)

[10] 11 U.S.C. § 502(b)(9); *see also Third Fidelity Bank, N.A. v. Hooker Inves. Inc. (In re Hooker Inves. Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991) (enforcing the bar date and stating, inter alia, that "a bar date order does not function merely as a procedural gauntlet"); *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995) (stating that the "[b]ar date is akin to a statute of limitations, and must be strictly observed")

documentation and served upon the Liquidating Trustee, counsel to the Debtors, counsel to the creditors' committee, and the U.S. Trustee. The Liquidating Trustee has determined that certain claims listed on Schedule 1-A were untimely due to filing after the Administrative Bar Date.[11]

21.  In accordance with Local Rule 3007-1(e)(vi), undersigned counsel for the Liquidating Trustee certifies that:

   a. Claim No. 106 amended or superseded a previously filed claim, Claim No. 104, and both Claim No. 104 and Claim No. 106, which amended or superseded it, were untimely filed as general unsecured claims after the passage of the General Bar Date;

   b. POC No. 105 filed by LTP Limited LLC purports to amend POC No. 66 previously filed by Gary Perryman. While POC No. 66 was timely filed, the amending or superseding claim, POC No. 105, asserts new claims not asserted in, and that do not relate back to the claims asserted in, POC No. 66. Specifically, POC No. 66 was asserted by creditor Gary Perryman with respect to indemnification claims related to his service as a director of the Debtors. POC #105 purports to amend POC #66. However, POC #105 asserts *new claims* for reimbursement of legal fees incurred by a *new party*, LTP Limited LLC, based on a *new theory* that, since Mr. Perryman is LTP's sole member, and he asserts that LTP Limited, LLC is his alter ego, LTP Limited, LLC is also entitled to indemnification of various legal fees by the Debtors.

   c. To the extent that Administrative Claim No. 976 is determined to amend or supersede POC No. 105, as discussed above, POC No. 105 asserts an untimely general unsecured claim against the Debtors' estates that was filed after the General Bar Date. Administrative Claim No. 976 then asserts a new claim—an administrative claim—with a distinctly new right to payment as to which the Debtors' estate was not fairly alerted by the original proof of claim and that neither relates back to the unsecured claims asserted in POC No. 66 nor was filed before the Administrative Bar Date.

22.  Accordingly, the Liquidating Trustee requests that each of the Late Filed Claims be disallowed and expunged in its entirety.

   **B. The Duplicate Claims.**

---

[11] POC No. 106, while it was asserted before the expiration of the Administrative Bar Date, was neither filed nor served in compliance with the Court's approved procedures for asserting an Administrative Claim. The Liquidating Trustee reserves all rights to further object to POC No. 106, including on the grounds that it was not properly and timely filed prior to the Administrative Bar Date.

23. A claimant is not entitled to multiple recoveries for a single liability against a single debtor since a claimant is entitled to only a single satisfaction, if at all, of any particular claim of liability against a debtor. *See, e.g.*, *In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("as it is axiomatic that one can not [sic] recover for the same debt twice."). Allowing claimants to assert multiple duplicative proofs of claim against the same debtor for the same liability would result in multiple recoveries for a single Claim.

24. To confirm that each claimant only has a single claim of liability, the Liquidating Trustee seeks to disallow the Duplicate Claims filed by the claimants. Elimination of the Duplicate Claims will streamline the Claim allowance process and enable the maintenance of a more accurate claims register. For the claimants on **Schedule 1-B**, the Duplicate Claims appear under the heading "**Duplicate Claim Number**," and the Claim numbers of the Claims to remain on the claims register (the "**Remaining Claims**") are set forth under the heading labeled "**Remaining Claim Number**." The Duplicate Claims are duplicates of another, identical Claim filed by the same claimant against one of the Debtors or both of them. The Duplicate Claims assert a basis for liability that is identical and duplicative of that asserted in the Remaining Claim filed by each claimant. In light of the fact that the claimants' proofs of claim reflected in the "Remaining Claim Number" shall remain intact, subject to other pending objections—and the substantive consolidation of the Debtors as a result of which each Claim against any of the Debtors is deemed to be a single Claim against and a single obligation of all of the Debtors—such Duplicate Claims do not represent valid Claims against the applicable Debtor. In other words, the disallowance of the Duplicate Claims will not prejudice the claimants or their substantive rights against the Debtors and their estates because the claimants retain Claims that incorporate the entire liability asserted by

such claimants consistent with the deemed substantive consolidation of the Debtors for the purpose of distributions and claim determinations.

    **C.    The Amended Claims.**

25.    The Third Circuit has held that in the absence of prejudice, bankruptcy courts should allow amendments to proofs of claim to cure a defect in a claim as filed or to describe the claim with greater particularity.[12] Amendments relate back to the date of the filing of the original claim.[13]

26.    The Liquidating Trust has reviewed the Amended Claims identified on **Schedule 1-C** and determined that they have been amended by a later filed claim or claims, filed by the same claimant for the same liability. The Trust therefore seeks to disallow and expunge the claims also identified on **Schedule 1-C**.

27.    Unless the Amended Claims are disallowed, the claimants listed on **Schedule 1-C** will receive an excess recovery from the Debtors' estates. The claimants affected by this Objection will not be prejudiced because each will retain the claims identified on **Schedule 1-C**.

    **D.  Books & Records**

28.    The Liquidating Trustee objects to the Books & Records Claims included on **Schedule 1-D** because: (a) they do not include sufficient supporting documentation with respect to claims against the Debtors; and (b) the Debtors have no record of any liability with respect to such claims. The Liquidating Trustee has made reasonable efforts to research these claims in the

---

[12]   *See In re Edison Bros. Stores*, 2002 Bankr. LEXIS 1228 at *10 (Bankr. D. Del. May 15, 2002) (stating that amendments are to be allowed where the original claim prompted notice to the court of the existence, nature, and amount of the claim, and are not allowed when they constitute the assertion of an entirely new claim).

[13]   *See In re Metro Transp. Co.*, 117 B.R. 143, 147 (Bankr. E.D. Pa. 1990).

Debtors' Books and Records and determined that such documentation provided does not provide *prima facie* evidence of the validity and amount of each Books & Records Claim.

29. Accordingly, the Books & Records Claims do not contain sufficient factual support or documentation on which this Court could reasonably rely to accept the proof of claim as evidence of a valid claim for the amount asserted and should be disallowed and expunged.

## RESPONSES TO THIS OBJECTION

30. To contest the Objection as to its Claim, a claimant must file and serve a written response to this Objection (a "**Response**") so that it is received by the Court and counsel for the Liquidating Trustee no later than **May 8, 2024, at 4:00 p.m. (ET)** (the "**Response Deadline**"). Each Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware at 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon the following, so that the Response is received no later than the Response Deadline at the following addresses.

| Mette H. Kurth | Lynnette Warman |
|---|---|
| **CULHANE MEADOWS, PLLC** | **CULHANE MEADOWS, PLLC** |
| 3411 Silverside Road | 13101 Preston Road, Ste. 110-1593 |
| Baynard Building, Suite 104-13 | Dallas, TX 75240 |
| Wilmington, Delaware 19810 | Telephone: (214) 693-6525 |
| Telephone: (302) 289-8839 Ext. 100 | Email: lwarman@cm.law |
| Email: mkurth@cm.law | |

31. Each Response to this Objection must contain at a minimum the following information:

    a. A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

    b. The name of the claimant and the claimant's Claim number;

    c. The specific factual basis and supporting legal argument upon which the claimant will rely in opposing this Objection;

        d.        Any supporting documentation, to the extent it is not included in the proof of claim previously filed with the claims' agent, upon which the party will rely in order to support the basis for and amounts asserted in the proof of claim; and

        e.        The name, address, telephone number, and e-mail address of the person(s) (which must be the claimant or the claimant's legal representative) with whom counsel for the Liquidating Trustee should communicate with respect to the Claim or the Objection and who possess authority to reconcile, settle, or otherwise resolve the objection to the disputed Claim on behalf of the claimant.

32. If a claimant fails to file and serve a timely Response by the Response Deadline, the Liquidating Trustee will present to the Court an appropriate order disallowing such claimant's claim, as set forth on Schedule 1, without further notice to the claimant.

## REPLIES TO RESPONSES

33. Consistent with Local Rule 9006-1(d), the Liquidating Trustee may, at its option, file and serve a reply to a claimant's response, if any, no later than 4:00 p.m. (prevailing Eastern Time) one day prior to the deadline for filing the agenda for any hearing to consider this Objection.

## SEPARATE CONTESTED MATTERS

34. If a Response is filed regarding any claim that is the subject of this Objection and the Liquidating Trustee is unable to resolve the Response, each such claim, and the objection to each such claim, as asserted herein, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted herein shall be deemed a separate order with respect to such Claim.

## RESERVATION OF RIGHTS

35. The Liquidating Trustee hereby reserves the right to object in the future to any of the claims that are the subject of this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly filed claims. Notwithstanding anything contained in this Objection or the attached exhibits, nothing

herein shall be construed as a waiver of any rights that the Liquidating Trustee may have to exercise rights of setoff against the holders of such claims.

## NOTICE

36. Notice of this Objection has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the claimants whose claim is subject to this Objection; and (c) all entities requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Liquidating Trustee submits that no further notice is required.

## COMPLIANCE WITH LOCAL RULE 3007-1

37. The undersigned counsel for the Liquidating Trustee certifies that she has reviewed the requirements of Local Rule 3007-1 and that this Objection and Schedule 1 to **Exhibit A** hereto substantially comply with that Local Rule. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief sought herein and such other and further relief to the Liquidating Trustee as the Court may deem proper.

| | |
|---|---|
| Date: April 15, 2024 | */s/ Mette H. Kurth*<br>Mette H. Kurth (DE Bar No. 6491)<br>**CULHANE MEADOWS, PLLC**<br>3411 Silverside Road<br>Baynard Building, Suite 104-13<br>Wilmington, Delaware 19810<br>Telephone: (302) 289-8839 Ext. 100<br>Email: mkurth@cm.law<br><br>*Counsel to the Liquidating Trustee* |