IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>STIMWAVE TECHNOLOGIES INCORPORATED, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10541 (TMH)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: May 2, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: May 15, 2024 at 10:00 a.m. (ET)** |

**MOTION OF PASHMAN STEIN WALDER HAYDEN, P.C. TO WITHDRAW AS COUNSEL TO STIMGUARD LLC AND NEURAL DIABETES LLC**

Pashman Stein Walder Hayden, P.C. ("Pashman") hereby moves (the "Motion") to withdraw as counsel to StimGuard LLC, a Bahamian limited liability company ("StimGuard"), and Neural Diabetes LLC, a Delaware limited liability company ("Neural," and together with StimGuard, collectively, the "Parties") under Rule 9010-2(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Motin, Pashman respectfully represents the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested

---

[1] The Reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are Stimwave Technologies Incorporated (7426) and Stimwave LLC (5018). The Reorganized Debtors' mailing address is Stimwave Technologies Inc., et al., c/o Province, LLC, Attn: Amanda Demby, 2360 Corporate Circle, Suite 340, Henderson, NV 89074.

herein are 11 U.S.C. § 105(a), Local Rule 9010-2(b), and Rule 1.16 of the Delaware Lawyers' Rules of Professional Conduct.

2. As required by Local Rule 9013-1(f), Potter Anderson confirms its consent to the entry of a final order by the Court solely in connection with this Motion to the extent it is later determined that the Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## **BACKGROUND**

3. On August 1, 2022, Pashman was retained as counsel to Parties in connection with the chapter 11 cases. In the "Termination of Representation" section of the engagement letter, the Parties and Pashman expressly agreed that "Subject to ethical obligations, [Pashman] reserves the right to withdraw from the engagement if our statements are not being paid in a timely manner or if for any other reason the lawyer-client relationship is not proceeding in a satisfactory manner."

4. The Parties have pending before the Court (i) *Stimguard LLC's and Neutral Diabetes LLC's Combined (I) Objection to Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Notice of Election and Exercise of Rights Under 11 U.S.C. § 365(n)* [D.I. 273] (the "365(n) Election"), filed on August 19, 2022; (ii) Stimguard LLC proof of claim filed on September 16, 2022, and assigned proof of claim number 59 ("Proof of Claim 59"); and (iii) Stimguard LLC's proof of claim filed June 19, 2023, assigned proof of claim number 102 ("Proof of Claim 102").

5. The 365(n) Election was discussed on the record at the sale hearing in the summer of 2022, but no further work was requested from Pashman with respect to same since that hearing.

6. On September 16, 2022, Pashman filed Proof of Claim 59 on behalf of Stimguard LLC. On April 12, 2023, Stimguard LLC (without the assistance of Pashman) transferred Proof

of Claim 59 to Brandyn Perryman [D.I. 835] (the "Transfer of Claim"). Pashman has had no involvement with this claim or matter since it initially filed Proof of Claim 59 in September 2022.

7. Proof of Claim 102 was prepared and filed by Stimguard LLC without Pashman's involvement.

8. Pashman has had limited communications with the Parties since filing Proof of Claim 59 in or around September 2022. Moreover, there has been a breakdown in communication between the Parties and Pashman over, among other things, outstanding invoices that have been due for close to two years and the necessary retainer to perform additional work.

9. Recently, counsel to the Litigation Trust has attempted to engage Pashman in discussions related to issues in the case with which Pashman has had no involvement. Accordingly, Pashman files this Motion seeking to formally withdraw as counsel.

## BASIS FOR RELIEF REQUESTED

10. Local Rule 9010-2(b) provides as follows:

> (b) Withdrawal. An attorney may withdraw an appearance for a party without the Court's permission (i) when such withdrawal will leave a member of the Bar of the District Court appearing as attorney of record for the party, or (ii) when the party (a) has no controversy pending before the Court and (b) the attorney certifies that the party consents to withdrawal of counsel. Otherwise, no appearance shall be withdrawn except by order on a motion duly filed, served on each party and served on the party client by registered or certified mail addressed to the client's last known address, at least fourteen (14) days before the motion is heard by the Court. The filer is not required to confer other than with its party client prior to filing the motion to withdraw.

Del. Bankr. L.R. 9010-2(b).

11. Sufficient cause exists for this Court to grant leave for Pashman to withdraw as counsel to the Parties. Communications between the Parties and Pashman have broken down due to, among other things, outstanding invoices that are nearly two years old. The Parties have acted

on their own with respect to the transfer of Proof of Claim 59 and the filing of Proof of Claim 102, and it is clear to Pashman that their services are no longer necessary.

12. Moreover, Pashman submits that there will be no harm to the Parties by its withdrawal, as their principals from the Perryman family have shown in these cases that they can adequately represent themselves without the need for counsel. Indeed, Pashman understands Proof of Claim 59 was transferred to Brandyn Perryman for the specific purpose of allowing Brandyn to prosecute issues relating to that claim without the need of counsel.

13. Finally, the engagement letter is clear that Pashman may withdraw for any reason, including the breakdown of attorney-client relationship and the non-payment of invoices. Such agreement is consistent with the Delaware Rules of Professional Conduct which allow counsel to withdraw due to "[i]rreconcilable differences and professional considerations." *See* DLRPC 1.16(b)(4) and 1.16(b)(5).

## **NOTICE**

14. Notice of this Motion will be provided to: (i) the Parties, (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Liquidating Trustee; and (iv) any party in interest that has requested to receive notice in the chapter 11 case pursuant to Bankruptcy Rule 2002.

WHEREFORE, Pashman requests that the Court enter an order attached hereto as **Exhibit A** approving Pashman's withdrawal as counsel to the Parties.

Dated: April 18, 2024
      Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Joseph C. Barsalona II*
Joseph C. Barsalona II (No. 6102)
1007 North Orange Street, 4th Floor, Suite #183
Wilmington, DE 19801-1242
Telephone: (302) 592-6496
Email: jbarsalona@pashmanstein.com

*Counsel to StimGuard LLC and Neural Diabetes LLC*